#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
#### OXFORD DIVISION

**KHADIJA J. WILLIAMS**                                                                    **PLAINTIFF**

**VS.**                                                     **CIVIL ACTION NO.: 3:22-cv-8-MPM-JMV**

**ALEJANDRO JUNITZIO AND HERIBERTO**
**ESPINO D/B/A EIGHT TRANSPORT**                                         **DEFENDANT**

#### ORDER DENYING MOTION FOR ENTRY OF DEFAULT AND
#### GRANTING MOTION FOR EXTENSION OF TIME TO FILE ANSWER

This matter is before the court on Plaintiff's Motion for Entry of Default [7] and Defendant Heriberto Espino's Motion for Extension of Time to File Answer [11]. Having considered the motions and the applicable law, for the reasons explained in more detail herein, the court finds Plaintiff's Motion for Entry of Default [7] should be denied, and Defendant Heriberto Espino's Motion for Extension of Time to File Answer [11] should be granted.

### Procedural History

Plaintiff initiated this case by filing the Complaint [1] on January 12, 2022. Defendant Heriberto Espino d/b/a Eight Transport was served with the Complaint on January 19, 2022, according to the return [3]. Defendant Espino did not timely file a response in the case. On February 16, 2022, Plaintiff filed the instant Motion for Entry of Default as to Defendant Espino [7]. That same day, Attorney Douglas Bagwell filed a Notice of Attorney Appearance [8] on behalf of Defendant Espino. One day later, on February 17, 2022, Attorney Carr also entered her appearance on behalf Defendant Espino and filed a Motion for Extension of Time to File Answer [11] on his behalf. The motions have now been fully briefed, and the Court is prepared to rule.

1

**Law and Analysis**

Defendant Heriberto has established good cause and excusable neglect for his failure to timely answer the Complaint. The more stringent standards of Federal Rule of Civil Procedure 6(b)(1)(B) apply when the time for a response expires without a motion for additional time. Rule 6(b)(1)(B) provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired: . . . if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B).

An extension under this Rule requires a showing of *both* good cause and excusable neglect. *Piatt v. Dollar Gen. Corp.*, 2019 U.S. Dist. LEXIS 44419, at *2 (N.D. Miss. Mar. 19, 2019); citing *Casey v. Quality Restaurants and Concepts*, 2012 U.S. Dist. LEXIS 111126 at *2 (N.D. Miss. Aug. 8, 2012). The "good cause" showing requires an explanation for why a request for additional time could not have been made before the expiration of time. *Id*. "The excusable neglect standard rests on an equitable determination that considers all relevant circumstances including 'the danger of the prejudice, . . . the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *See id.;* citing *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877 (5th Cir. 1998).

According to the affidavits in support of Defendant's reply in support of his motion for an extension of time to answer [14], upon receipt of the lawsuit from Plaintiff's counsel, the claims adjuster emailed a copy of it to the insured Defendant, Heriberto Espino. *Ex. A* to [14]. The adjuster requested that Defendant Espino notify her upon being served. *Id.* Defendant Espino did not notify the claims adjuster that he had been served. *Ex. B* to [14]. The claims adjuster did not know that

2

Defendant Espino had been served until Plaintiff's counsel notified her of the default. *Ex. A* to [14].

According to Defendant's attorney, once the claims adjuster was notified that Defendant Espino had been served, defense counsel was immediately retained. Said counsel filed the motion for extension of time to answer [11] promptly after being hired. Thus, Defendant Espino has shown that a request for additional time before the deadline passed could not have been made because the claims adjuster did not know that the insured had been served until after the expiration of time. As Defendant notes, similar grounds have been found sufficient to establish good cause by this Court. *See Piatt v. Dollar Gen. Corp.,* 2019 U.S. Dist. LEXIS 44419 at *3 (N.D. Miss. 2019) (finding that an attorney who was notified of a lawsuit against his client but unaware that his client had been served established good cause for lack of timely request prior to expiration of time)).

Furthermore, Defendant's primary language is Spanish. *Ex. B* to [14]. According to his Affidavit, he does not recall receiving a copy of the lawsuit, and when he was served, he did not understand what was served on him or that action was needed by him. *Id.* Defendant Espino also averred that shortly after receiving the lawsuit, he became ill with Covid-19, and was sick for several weeks. *Id.*

Lastly, Plaintiff has failed to show prejudice in the event Defendant Espino is granted an extension of time to respond to the Complaint. Defendant Espino first filed the Motion for Extension eight (8) days after the deadline had passed and before any Orders had been entered in the case. The docket reveals that Defendant Alejandro Junitzio has not answered yet, and that a request for waiver of service was sent to him on March 14, 2022 [17].

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Entry of Default [7] is denied and Defendant Heriberto Espino's Motion for Extension of Time to File Answer [11] is granted. Defendant Espino is directed to file his responsive pleading on the docket within five (5) business days of the date of this Order.

**SO ORDERED** this, the 23rd day of March, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**